UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE E. OCAMPO AVALOS,<br><br>                    Petitioner,<br><br>          v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Correctional Facility, et al.,<br><br>                    Respondents. | No. 1:26-cv-1199 DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PETITIONER'S WRIT OF HABEAS CORPUS |

Petitioner Jose E. Ocampo Avalos, a citizen of Mexico, entered the United States in October 1999 and has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On November 24, 2025, petitioner attended his I-485 adjustment of status interview and was detained at this interview. He has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondents to provide petitioner a bond hearing within seven days.

///

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[2]

Petitioner Jose E. Ocampo Avalos, a citizen of Mexico, entered the United States in October 1999.  (ECF No. 1 at 4-5.)  He was not apprehended at the border or detained by immigration officials.  On July 11, 2025, he submitted an I-130 family petition and I-485 Adjustment of Status application through his U.S. citizen spouse.  (Id. at 5.)  On November 24, 2025, petitioner attended his I-485 adjustment of status interview and was arrested and detained at this interview.  (Id.)  On November 24, 2025, petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (ECF No. 1-2 at 3.)  The Notice to Appear alleges that petitioner is present in the United States without being admitted or paroled, and does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id.)  Petitioner requested a custody review, which the immigration judge denied for lack of jurisdiction under Matter of Hurtado, 29 I&N Dec. 216 (BIA 2025).  (ECF No. 1-2 at 7-8.)  Petitioner has been in continuous detention since November 24, 2025.

## II.    PROCEDURAL BACKGROUND

On February 11, 2026, petitioner filed his petition for writ of habeas corpus.  (ECF No. 1.) On February 25, 2026, respondents timely filed an answer to the petition, and on February 26, 2026, petitioner timely filed a reply.  (ECF Nos. 9, 10.)  Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 8.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents do not contest petitioner's factual allegations.  (See ECF No. 9.)

[3]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his continued detention without a bond hearing based on the violation of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and based on the violation of the district court's Maldonado Bautista judgment as a member of the bond eligible Maldonado Bautista class.[4] (ECF No. 1 at 6.) While respondents concede that petitioner falls within the Maldonado Bautista class, they argue that the Maldonado Bautista decision does not apply to habeas cases outside of the district which issued the decision (the Central District of California).  (ECF No. 9 at 1-2.)  Petitioner requests immediate relief, or alternatively, a bond hearing within seven days.  (ECF No. 1 at 6-7.) Respondents further argue that at minimum, the request for immediate release should be denied. (ECF No. 9 at 2.)

Where the petition also alleges a violation of the INA, the Court declines to decide whether petitioner is entitled to relief based on his membership in the Maldonado Bautista class and focuses its analysis on the statutory violation claim.  See Herredia Gurrola v. Cruz, 2026 WL 494478, at *6 (E.D. Cal. Feb. 23, 2026) (declining to decide Maldonado Bautista claim and addressing statutory claim); see also De La Paz Salazar v. Noem, 2026 WL 496956, at *5 (E.D. Cal. Feb. 23, 2026) (noting that "the court in Maldonado Bautista explicitly clarified that it could not issue injunctive relief to class members ordering their immediate release or entitlement to a

---

[4]    See Maldonado Bautista v. Santacruz, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

bond hearing").

Petitioner asserts that he was detained pursuant to 8 U.S.C. § 1226(a), and not § 1226(c) detention of criminal aliens, § 1225(b)(1) expedited removal for arriving aliens, or § 1231 post-removal order detention.  (See ECF No. 1 at 2, 3, 4, 6.)  Respondents do not identify the statutory basis for petitioner's detention, and do not actually dispute that petitioner was detained pursuant to § 1226(a).  (See ECF No. 9.)  For example, respondents do not argue that petitioner was detained pursuant to § 1225(b)(1) or § 1225(b)(2) as the government has contended in other cases.  (See id.)

There is no dispute that upon petitioner's arrest and detention in November 2025, he was placed in standard removal proceedings pursuant to 8 U.S.C. § 1229a (INA Section 240).  (See ECF No. 1 at 3; ECF No. 9 at 2.)  The standard "removal process provides for an evidentiary hearing before an immigration judge to allow the noncitizen to show she should not be removed." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020)).  Section 1229a does not provide detention authority for noncitizens in standard removal proceedings, and respondents do not contend otherwise.  See 8 U.S.C. § 1229a.  Section 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022), and courts have consistently found that § 1226(a) applies to noncitizens in standard (§ 1229a) removal proceedings.  See e.g., Labrador-Prato, 2025 WL 3458802, at *3; Patel v. Tindall, 2025 WL 2823607, at *4-5 (W.D. Ky. Oct. 3, 2025) (noncitizen in § 1229a removal proceedings governed by § 1226(a) for detention).

When a noncitizen is apprehended under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to

4

appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz, 53 F.4th at 1202.  Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato, 2025 WL 3458802, at *3 (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

The Court concludes that petitioner was detained pursuant to § 1226(a) because upon his arrest and detention on November 24, 2025, he was placed in standard § 1229a removal proceedings.  Therefore, petitioner should have been provided a bond hearing and is entitled to relief on his statutory claim.

## V.  CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Respondents be ordered to provide petitioner Jose E. Ocampo Avalos with a bond hearing before an immigration judge within **seven (7) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention.

3.  The parties be directed to file, within **seven days** of the adoption of these findings and recommendations, a joint status report addressing petitioner's status.

4.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/aval.1199.26.fr-merits

6